THE EXECUTORS OF WILLIAM HOLMES v. THE DEVISEES OF JOHN
SINNICKSON.

In the action of covenant for breach of warranty of title to land, the uniform rule is,
to allow the consideration money with interest, and costs, and no more. Counsel
fees beyond those taxed in the fee bill are not allowable.

This was an action brought to recover damages arising from
the breach of covenant of warranty of title to land. At the
Salem Circuit the parties agreed as to the amount of the
plaintiffs' damages, with certain exceptions, and agreed to
submit to the Judges of the Supreme Court at bar, the question,
whether the plaintiffs are entitled to receive *counsel fees* and
interest; or anything more than the consideration money, with
interest and taxed costs?

*R. P. Thompson,* for the defendants, cited 3 *Caines' Rep.*
111; 4 *John. R.* 1; 5 *John. R.* 49; 7 *John. R.* 173; 9 *John.
R.* 324; 4 *Hals. R.* 139; 12 *John. R.* 126; 13 *John. R.* 50;
12 *Mass. R.* 304; 4 *Mass. R.* 627; 2 *Mass. R.* 433,455;
11 *Sergt. and Rawle,* 109; 2 *Dallas,* 306.

*Southard,* for the plaintiffs, cited 3 *Caines,* 111; 4 *John.
R.* 1; 7 *John. R.* 173.

The opinion of the court, was delivered by

FORD, J. The parties in this action, which is in covenant
for breach of warranty of title to land, have agreed that the
warrantor shall refund the consideration that was paid for the
land, together with specified interest, and shall pay the *costs*
that accrued in the action of eviction; but whether he shall pay
such *counsel fees* as the covenantee advanced in defending
against the superior title, is the question submitted to the court.

The recompense formerly obtained at law, by *voucher* and
*warrantiæ chartæ,* was a recompense in lands, which were to
be equal in value to those from which the covenantee had been
evicted; estimated as of the time when they were warranted;
but since the modern recompense in money, has been substituted
in place of land, the evicted party has been constantly struggling
to change the ancient measure. Not content to receive back
the consideration money which was the value of the land at
the time it was sold, together with six years' interest to

countervail his liability for mesne profits, and the costs of eviction, he has been struggling after other allowances, such as for improvements that he has put on the land, the formation of gardens, avenues, parks, palaces and the endless embellishments that taste and luxury can invent; but courts of justice have as firmly resisted all such claims, as being innovations on the common law measure of recompense. I shall not state any of the numerous cases that are to be found on this subject, because they have been collected and reviewed by Chancellor KENT, with his usual ability, in 4 *Kent's Com.* 463, and shall only give the result of them, in his words.—" The uniform rule is, to allow the consideration money, with interest, and costs, *and no more.*" Any counsel fees beyond those allowed in the fee bill, are no part of the legal costs, and are just as much out of the prescribed rule, as buildings or improvements. I am therefore of opinion that counsel fees are not allowable.

HORNBLOWER, C. J. and RYERSON, J. concurred.

CITED in *Morris* v. *Rowan,* 2 *Harr.* 306–309 ; *Drake* v. *Baker,* 5 *Vroom,* 360.